UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT F. WOODLEY, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GULFPORT ENERGY CORPORATION, DAVID M. WOOD, KERI CROWELL, and QUENTIN R. HICKS, <br><br> Defendants. | Case No. <br><br> <u>CLASS ACTION</u> <br><br> COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS <br><br> <u>JURY TRIAL DEMANDED</u> |

Plaintiff Robert F. Woodley ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States ("U.S.") Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Gulfport Energy Corporation ("Gulfport" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## <u>NATURE OF THE ACTION</u>

1.     This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Gulfport securities between May 3,

2019, and February 27, 2020, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.      Gulfport engages in the exploration, development, acquisition, and production of natural gas, crude oil, and natural gas liquids in the U.S.

3.      Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business and operations.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) a material weakness existed in Gulfport's internal control over financial reporting; (ii) accordingly, Gulfport's disclosure controls and procedures were ineffective; (iii) as a result, Gulfport's financial statements contained multiple misstatements; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

4.      On February 27, 2020, during after-market hours, Gulfport disclosed that its previously issued financial statements for the three and nine months ended September 30, 2019, "should no longer be relied upon due to material misstatements."  Gulfport advised investors, in relevant part:

> [I]n the course of preparing the consolidated financial statements for the year ended December 31, 2019, the Company identified a misstatement of its depreciation, depletion and amortization and impairment of oil and gas properties as of September 30, 2019 of approximately $554 million ($436 million net of the tax benefit) related to unrecorded transfers of its unevaluated oil and natural gas properties into the amortization base.  This error impacted the related calculations of the Company's depreciation, depletion and amortization and impairment of oil and natural gas properties for the three and nine month periods ended September 2019.  Net (loss) income and income tax (benefit) expense have also been impacted.

5.      Gulfport further advised investors that "the Company has reassessed its conclusions regarding its disclosure controls and procedures as of September 30, 2019 in light of the misstatements," and, "[a]s a result, the Company has determined that a material weakness in internal control over financial reporting existed as of September 30, 2019, and therefore the Company has concluded that its disclosure controls and procedures as of September 30, 2019 were not effective."

6.      On this news, Gulfport's stock price fell $0.08 per share, or 8.89%, to close at $0.82 per share on February 28, 2020.

7.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

8.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act.

10.      Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b).  Gulfport's securities trade on the Nasdaq Global Select Market ("NASDAQ"), located within this Judicial District.

11.      In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited

to, the mails, interstate telephone communications, and the facilities of the national securities markets.

## PARTIES

12.     Plaintiff, as set forth in the attached Certification, acquired Gulfport securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

13.     Defendant Gulfport is a Delaware corporation with principal executive offices located at 3001 Quail Springs Parkway, Oklahoma City, Oklahoma.  Gulfport's securities trade on the NASDAQ under the ticker symbol "GPOR."

14.     Defendant David M. Wood ("Wood") has served as Gulfport's Chief Executive Officer ("CEO") and President at all relevant times.

15.     Defendant Keri Crowell ("Crowell") served as Gulfport's Chief Financial Officer ("CFO") from before the start of the Class Period until August 2019.

16.     Defendant Quentin R. Hicks ("Hicks") has served as Gulfport's CFO since August 2019.

17.     Defendants Wood, Crowell, and Hicks are sometimes referred to herein as the "Individual Defendants."

18.     The Individual Defendants possessed the power and authority to control the contents of Gulfport's SEC filings, press releases, and other market communications.  The Individual Defendants were provided with copies of Gulfport's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected.  Because of their positions with Gulfport, and their access to material information available to them but not to the public, the

Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading.  The Individual Defendants are liable for the false statements and omissions pleaded herein.

19.    Gulfport and the Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

20.    Gulfport engages in the exploration, development, acquisition, and production of natural gas, crude oil, and natural gas liquids in the U.S.

### Materially False and Misleading Statements Issued During the Class Period

21.    The Class Period begins on May 3, 2019, when Gulfport filed a Quarterly Report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended March 31, 2019 (the "1Q19 10-Q").  The 1Q19 10-Q touted the design of the Company's disclosure controls and procedures, assuring investors that Defendants "have established disclosure controls and procedures that are designed to ensure that information required to be disclosed by us in the reports that we file or submit under the Exchange Act is recorded, processed, summarized and reported within the time periods specified in the SEC's rules and forms," and that "[t]he disclosure controls and procedures are also intended to ensure that such information is accumulated and communicated to management, including our [CEO] and President and our [CFO], as appropriate to allow timely decisions regarding required disclosures."

22.    The 1Q19 10-Q also touted the effectiveness of Gulfport's disclosure controls and procedures, assuring investors that, "[a]s of March 31, 2019, an evaluation was performed under

5

the supervision and with the participation of management, including our [CEO] and President and our [CFO], of the effectiveness of the design and operation of our disclosure controls and procedures," and that, "[b]ased upon [Defendants'] evaluation, our [CEO] and President and our [CFO] have concluded that, as of March 31, 2019, our disclosure controls and procedures are effective."

23.     Additionally, the 1Q19 10-Q assured investors that "[t]here have not been any changes in our internal control over financial reporting that occurred during our last fiscal quarter that have materially affected, or are reasonably likely to materially affect, internal controls over financial reporting."

24.     Moreover, Defendants appended certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") as exhibits to the 1Q19 10-Q, which were signed by Defendants Wood and Crowell, and certified that "the [1Q19 10-Q] fully complies with the requirements of Section 13 (a) or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78m(a) or 78o(d))" and that "the information contained in the [1Q19 10-Q] fairly presents, in all material respects, the financial condition and results of operations of the Company."

25.     On August 2, 2019, Gulfport filed a Quarterly Report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended June 30, 2019 (the "2Q19 10-Q").  The 2Q19 10-Q contained substantively the same statements as referenced in ¶¶ 21-23 above, which touted the design of the Company's disclosure controls and procedures, the effectiveness of those disclosure controls and procedures, and the lack of any changes to the Company's internal control over financial reporting.

26.     Defendants also appended SOX certifications as exhibits to the 2Q19 10-Q, signed by Defendants Wood and Crowell, which were substantively identical to those referenced in ¶ 24 above, certifying the reliability of the financial statements to which the exhibits were appended.

27.     On November 1, 2019, Gulfport filed a Quarterly Report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended September 30, 2019 (the "3Q19 10-Q").   In the 3Q19 10-Q, Defendants reported depreciation, depletion and amortization of $145.49 million and $388.87 million for the three and nine months ended September 30, 2019, respectively; impairment of oil and natural gas properties of $35.65 million for both the three and nine months ended September 30, 2019; a net loss of $48.75 million and net income of $248.45 million for the three and nine months ended September 30, 2019, respectively; and an income tax benefit of $26.52 million and $205.85 million for the three and nine months ended September 30, 2019, respectively.

28.     The 3Q19 10-Q also contained substantively the same statements as referenced in ¶¶ 21-23 above, which touted the design of the Company's disclosure controls and procedures, the effectiveness of those disclosure controls and procedures, and the lack of any changes to the Company's internal control over financial reporting.

29.     Moreover, Defendants appended SOX certifications as exhibits to the 3Q19 10-Q, signed by Defendants Wood and Hicks, which were substantively identical to those referenced in ¶ 24 above, certifying the reliability of the financial statements to which the exhibits were appended.

30.     The statements referenced in ¶¶ 21-29 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies.    Specifically,

Defendants made false and/or misleading statements and/or failed to disclose that: (i) a material weakness existed in Gulfport's internal control over financial reporting; (ii) accordingly, Gulfport's disclosure controls and procedures were ineffective; (iii) as a result, Gulfport's financial statements contained multiple misstatements; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

**The Truth Begins to Emerge**

31.    On February 27, 2020, during after-market hours, Gulfport disclosed that its previously issued financial statements for the three and nine months ended September 30, 2019, "should no longer be relied upon due to material misstatements." Gulfport advised investors, in relevant part:

> [I]n the course of preparing the consolidated financial statements for the year ended December 31, 2019, the Company identified a misstatement of its depreciation, depletion and amortization and impairment of oil and gas properties as of September 30, 2019 of approximately $554 million ($436 million net of the tax benefit) related to unrecorded transfers of its unevaluated oil and natural gas properties into the amortization base. This error impacted the related calculations of the Company's depreciation, depletion and amortization and impairment of oil and natural gas properties for the three and nine month periods ended September 2019. Net (loss) income and income tax (benefit) expense have also been impacted.

32.    Gulfport further advised investors that "the Company has reassessed its conclusions regarding its disclosure controls and procedures as of September 30, 2019 in light of the misstatements," and, "[a]s a result, the Company has determined that a material weakness in internal control over financial reporting existed as of September 30, 2019, and therefore the Company has concluded that its disclosure controls and procedures as of September 30, 2019 were not effective."

33.    On this news, Gulfport's stock price fell $0.08 per share, or 8.89%, to close at $0.82 per share on February 28, 2020.

34.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Gulfport securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures.  Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

36.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Gulfport securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Gulfport or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

37.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

38.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.  Plaintiff has no interests antagonistic to or in conflict with those of the Class.

39.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Gulfport;

- whether the Individual Defendants caused Gulfport to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Gulfport securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

40.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

41.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Gulfport securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Gulfport securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

42.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

43.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

44.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

45.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

46.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Gulfport securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Gulfport securities and options at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

47.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Gulfport securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Gulfport's finances and business prospects.

48.     By virtue of their positions at Gulfport, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose

such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.  Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.  In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

49.     Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.  As the senior managers and/or directors of Gulfport, the Individual Defendants had knowledge of the details of Gulfport's internal affairs.

50.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Gulfport.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Gulfport's businesses, operations, future financial condition and future prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Gulfport securities was artificially inflated throughout the Class Period.  In ignorance of the adverse facts concerning Gulfport's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Gulfport securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

51.     During the Class Period, Gulfport securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Gulfport securities at prices artificially inflated by Defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Gulfport securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of Gulfport securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

52.     By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

53.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

**(Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)**

54.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

14

55.     During the Class Period, the Individual Defendants participated in the operation and management of Gulfport, and conducted and participated, directly and indirectly, in the conduct of Gulfport's business affairs.  Because of their senior positions, they knew the adverse non-public information about Gulfport's misstatement of income and expenses and false financial statements.

56.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Gulfport's financial condition and results of operations, and to correct promptly any public statements issued by Gulfport which had become materially false or misleading.

57.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Gulfport disseminated in the marketplace during the Class Period concerning Gulfport's results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Gulfport to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Gulfport within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Gulfport securities.

58.     Each of the Individual Defendants, therefore, acted as a controlling person of Gulfport.  By reason of their senior management positions and/or being directors of Gulfport, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Gulfport to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Gulfport and possessed the

power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

59. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Gulfport.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: March 17, 2020             Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505

Chicago, Illinois 60603
Telephone: (312) 377-1181
pdahlstrom@pomlaw.com

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com

*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1.  I, __Robert F. Woodley__ , make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.  I have reviewed a Complaint against Gulfport Energy Corporation ("Gulfport" or the "Company") and authorize the filing of a comparable complaint on my behalf.

3.  I did not purchase or acquire Gulfport securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.  I am willing to serve as a representative party on behalf of a Class of investors who purchased or otherwise acquired Gulfport securities during the class period, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.  To the best of my current knowledge, the attached sheet lists all of my transactions in Gulfport securities during the Class Period as specified in the Complaint.

6.  During the three-year period preceding the date on which this Certification is signed, I have not served or sought to serve as a representative party on behalf of a class under the federal securities laws.

7.  I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.  I declare under penalty of perjury that the foregoing is true and correct.

Executed    March 4th, 2020
             **(Date)**

_____
**(Signature)**

Robert F. Woodley
**(Type or Print Name)**

**Gulfport Energy Corporation  (GPOR)**                                    **Woodley, Robert F.**

**List of Purchases and Sales**

| Date | Purchase or Sale | Number of Shares/Unit | Price Per Share/Unit |
|---|---|---|---|
| 1/21/2020 | Purchase | 3,000 | $1.8000 |
| 1/21/2020 | Purchase | 1,000 | $1.7550 |
| 1/21/2020 | Purchase | 1,000 | $1.7250 |
| 1/21/2020 | Purchase | 1,000 | $1.7357 |
| 1/21/2020 | Purchase | 1,000 | $1.7239 |
| 1/21/2020 | Purchase | 1,000 | $1.7251 |
| 1/21/2020 | Purchase | 1,000 | $1.6392 |
| 1/21/2020 | Purchase | 1,000 | $1.6500 |
| 1/22/2020 | Purchase | 1,000 | $1.6650 |
| 1/22/2020 | Purchase | 2,000 | $1.6600 |
| 1/23/2020 | Purchase | 1,000 | $1.6500 |
| 1/24/2020 | Purchase | 1,000 | $1.6156 |
| 1/24/2020 | Purchase | 1,000 | $1.5900 |
| 2/3/2020 | Purchase | 600 | $1.4600 |
| 2/3/2020 | Purchase | 400 | $1.4300 |
| 2/10/2020 | Purchase | 1,000 | $1.2800 |
| 2/10/2020 | Purchase | 1,800 | $1.2000 |
| 2/10/2020 | Purchase | 200 | $1.1800 |
| 2/11/2020 | Purchase | 2 | $1.1323 |
| 2/21/2020 | Purchase | 26 | $1.1985 |