UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT F. WOODLEY, *individually
and on behalf of all others similarly
situated*,

                              Plaintiff,

                – against –

GULFPORT ENERGY CORPORATION,
DAVID M. WOOD, KERI CROWELL,
and QUENTIN R. HICKS,

                              Defendants.

**OPINION & ORDER**

20 Civ. 2357 (ER)

RAMOS, D.J.:

On March 17, 2020, this putative class action was brought under federal securities laws against Gulfport Energy Corporation ("Gulfport") and its top officers.  Doc. 1. Robert F. Woodley claims to represent a class of persons who purchased or otherwise acquired Gulfport securities between May 3, 2019 and February 27, 2020 (the "Class Period"), and seeks to recover damages caused by Defendants' alleged violations of federal securities laws.  *Id.*

Pending before the Court is the unopposed motion of class member Joseph Rotunno to be appointed as lead plaintiff in the action, and to appoint as lead counsel his law firm, Kaplan Fox & Kilsheimer LLP ("Kaplan Fox").  Doc. 6.  For the reasons set forth below, the motion is GRANTED.

## I.    BACKGROUND

### A. Factual Background

Gulfport engages in the exploration, development, acquisition, and production of natural gas, crude oil, and natural gas liquids in the United States.  Doc. 1 ¶ 2.  Gulfport's securities trade on the NASDAQ under the ticker symbol "GPOR."  *Id.* ¶ 13.  At all relevant times, David M. Wood served as Gulfport's chief executive officer and president.

*Id.* ¶ 14.  Keri Crowell served as Gulfport's chief financial officer from before the start of the Class Period until August 2019, and Quentin R. Hicks has served in that position since August 2019.  *Id.* ¶¶ 15–16.

The Complaint alleges that, throughout the Class Period, Gulfport made materially false and misleading statements in its quarterly reports with the Securities and Exchange Commission.  *Id.* ¶¶ 21–30.  Specifically, according to the Complaint, Gulfport made false and misleading statements and failed to disclose that:  (i) a material weakness existed in Gulfport's internal control over financial reporting; (ii) accordingly, Gulfport's disclosure controls and procedures were ineffective; (iii) as a result, Gulfport's financial statements contained multiple misstatements that were materially false and misleading.  *Id.* ¶ 30.

On February 27, 2020, during after-market hours, Gulfport disclosed that its financial statements regarding the three-month and nine-month periods ending in September 30, 2019, should not be relied upon due to material misstatements.  *Id.* ¶ 31.  According to the Complaint, Gulfport had advised investors that it had identified misstatements regarding the company's depreciation, depletion, and amortization figures as well as its figures regarding impairment of oil and gas properties, and that those errors affected calculations regarding net income and income tax expenses.  *Id.*  On this news, Gulfport's stock fell by approximately $0.08 per share, or 8.89%, to close at $0.82 per share on February 28, 2020.  *Id.* ¶ 33.

### B. Procedural History

On March 17, 2020, Woodley filed the instant suit.  *Id.*  That same day, Woodley's counsel, Pomerantz LLP, announced the filing of the class action on *GlobeNewswire*, as required under the Private Securities Litigation Reform Act ("PSLRA").  Doc. 8-1.  In that announcement, Pomerantz LLP stated that any shareholders seeking lead-plaintiff status in the class action had until May 18, 2020 to file a motion for appointment as lead plaintiff.  *Id.* at 2.

On May 18, 2020, several class members filed motions with the Court for appointment as lead plaintiff.  *See* Docs. 6, 11, 15, 17, and 22.  Specifically, class members Rotunno, XiaoJin Ma, Mark Treutelaar, Invert Sports LLC, Qunbing Lu, and Iris Amar (the latter two individuals filing together as the Gulfport Investor Group), moved to be appointed as lead plaintiff and to appoint their respective law firms as lead counsel.  Docs. 6, 11, 15, 17, and 22.  By June 8, 2020, all movants except Rotunno had either filed notices of non-opposition to Rotunno or withdrawn their own requests for lead-plaintiff and counsel appointments, conceding that they did not have the largest financial interest in the instant suit.  *See* Docs. 26, 27, 32, and 35.

On December 10, 2020, Gulfport filed a suggestion of bankruptcy, notifying the Court that it, along with its wholly-owned subsidiaries, had filed voluntary petitions for chapter 11 bankruptcy on November 13, 2020.  Doc. 40; *see also* Doc. 39.

## II.  APPOINTMENT OF LEAD PLAINTIFF

The PSLRA governs motions for the appointment of lead plaintiffs in putative class actions brought under federal securities laws.  *See, e.g., Strougo v. Mallinckrodt Pub. Ltd. Co.*, No. 19 Civ. 7030 (ER), 2020 WL 3469056, at *2 (S.D.N.Y. June 25, 2020). Although Rotunno's motion is now unopposed, the Court must nevertheless analyze the requirements under the PSLRA for appointment of lead plaintiffs, as other courts in this Circuit have done.  *See, e.g.*, *City of Warren Police v. Foot Locker, Inc.*, 325 F. Supp. 3d 310, 314 (E.D.N.Y. 2018); *Springer v. Code Rebel Corp.*, No. 16 Civ. 3492 (AJN), 2017 WL 838197, at *1 (S.D.N.Y. Mar. 2, 2017).

The PSLRA instructs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The statute sets forth a rebuttable presumption "that the most adequate plaintiff . . . is the person or group of persons" that (i) "has either filed the complaint or made a motion in response to" public notice of the filing of the complaint, (ii) "has the largest financial interest in the

relief sought by the class," and (iii) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I).  This presumption is "rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

### A. Filing Complaint or Motion

Rotunno has satisfied the first requirement of the PSLRA by filing a timely motion on May 18, 2020 in response to the public notice issued by Pomerantz LLP.  *See* Docs. 6–9.

### B. Largest Financial Interest

The next, most critical question is which "person or group of persons" seeking lead-plaintiff status has the largest financial interest in the relief sought by the putative class.  The PSLRA does not specify a method for calculating which plaintiff has the largest financial interest, and neither the Supreme Court nor the Second Circuit has articulated such a method.  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008); *see also Strougo*, 2020 WL 3469056, at *3.  However, courts in this Circuit typically examine four factors to determine a lead plaintiff's financial interest:

> (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.

*Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, No. 14 Civ. 8495 (RMB), 2015 WL 1345931, at *2 (S.D.N.Y. Mar. 19, 2015) (quoting *Foley v. Transocean Ltd.,* 272 F.R.D.

126, 127–28 (S.D.N.Y. 2011)).  "Of these factors, courts have consistently held that the fourth, the magnitude of the loss suffered, is the most significant."  *In re Braskem S.A. Sec. Litig.*, No. 15 Civ. 5132 (PAE), 2015 WL 5244735, at *4 (S.D.N.Y. Sep. 8, 2015) (collecting cases).

Rotunno has proffered evidentiary support for his assertion that he has the largest financial interest in relief sought by the putative class, relative to the other class members who formerly sought lead-plaintiff status.  *See* Doc. 8-3; *see also* Doc. 28 at 4. Specifically, Rotunno represents and provides supporting documentation showing that he suffered a loss of $517,113.35.  Doc. 8-3 at 3.  By contrast, Treutelaar purports to have suffered a loss of $287,144.97, which represents the second largest financial interest.  *See* Doc. 26 at 2.  Further, in withdrawing their motions or stating their non-opposition, the other plaintiffs acknowledged that they lacked the largest financial interest.  *See* Docs. 26 at 2, 27 at 2, 32 at 2, and 35 at 2.  No additional plaintiff has come forward to suggest that she has a greater financial interest in the instant litigation.  Accordingly, Rotunno is presumed to have the greatest financial stake in the litigation.

### C. Rule 23 Requirements

Rotunno still must satisfy the relevant "requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to be appointed lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) sets forth four requirements for class certification:  (1) the class is so numerous that simple joinder of all members is impracticable, (2) there exist questions of law or fact common to the whole class, (3) the claims of the lead plaintiff are typical of the claims of the whole class, and (4) the lead plaintiff will adequately represent the interests of all class members.  Fed. R. Civ. P. 23(a).  "For the purposes of appointment as lead plaintiff pursuant to the PSLRA . . . , 'the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'"  *Springer*, 2017 WL 838197, at *2 (quoting *In re Deutsche*

*Bank Aktiengesellschaft Sec. Litig.*, No. 16 Civ. 3495 (AT) (BCM), 2016 WL 6867497 at
*4 (S.D.N.Y. Oct. 4, 2016)).

"The typicality requirement is satisfied when the class members' claims 'arise []
from the same course of events, and each class member makes similar legal arguments to
prove the defendant's liability.'" *Peters v. Jinkosolar Holding Co.*, No. 11 Civ. 7133
(JPO), 2012 WL 946875, at *11 (S.D.N.Y. Mar. 19, 2012) (quoting *In re Drexel Burnham
Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  The lead plaintiff's claims,
however, "need not be identical to the claims of the class to satisfy this requirement." *Id.*
(quotation omitted).  Here, Rotunno's claims are typical of the claims of the whole class
because, like other class members, he:  (1) purchased Gulfport securities during the Class
Period, (2) was allegedly adversely affected by Defendants' false and misleading
statements, and (3) seeks substantially the same relief, based on substantially the same
legal theories. *See Strougo*, 2020 WL 3469056, at *4.

Rotunno has also made a sufficient showing of adequacy under Rule 23(a)(4).
"The adequacy requirement is satisfied where '(1) class counsel is qualified, experienced,
and generally able to conduct the litigation; (2) there is no conflict between the proposed
lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a
sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Sallustro v.
CannaVest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015) (quoting *Kaplan v. Gelfond*,
240 F.R.D. 88, 94 (S.D.N.Y. 2007)).  Rotunno has retained competent and experienced
counsel, with extensive experience in these types of securities class actions. *See* Doc. 8-
4; *see also Batter v. Hecla Mining Co.*, No. 19 Civ. 4883 (ALC), 2020 WL 1444934, at
*9 (S.D.N.Y. Mar. 25, 2020) (noting Kaplan Fox's competence and experience
prosecuting securities class actions).  Further, Rotunno has shown losses that suggest he
will have a strong interest in advocating on behalf of the class. *See* Docs. 8-3 and 28 at 2.
Finally, to date, there has been no reported conflict between Rotunno and the other class
members, and the Court has not identified any.  Accordingly, Rotunno has made the

6

requisite preliminary showing regarding the pertinent Rule 23 factors. *See Springer*, 2017 WL 838197, at *2.

### D. Presumption as Most Adequate Lead Plaintiff

Because Rotunno has timely filed his motion for lead-plaintiff status, has the largest financial interest in the relief sought, and satisfies the relevant requirements under Rule 23, he is entitled to the presumption that he is the "most adequate plaintiff" to serve as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Given the lack of opposition to Rotunno's motion, the Court has been presented with no proof that he "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render [him] incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa), (bb). The Court therefore appoints Rotunno as lead plaintiff.

## III.   APPROVAL OF LEAD COUNSEL

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." *Sallustro*, 93 F. Supp. 3d at 278 (quotation omitted). Here, Rotunno has retained Kaplan Fox to serve as lead counsel for the proposed class. Doc. 6. Several other courts in this Circuit have concluded that "Kaplan Fox has extensive experience litigating securities class actions." *See, e.g.*, *Batter*, 2020 WL 1444934, at *9; *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 121 (E.D.N.Y. 2012). Based on the documentation submitted by Rotunno, *see* Doc. 8-4, the Court concludes the same, and approves Kaplan Fox as lead counsel.

**IV.     CONCLUSION**

For the foregoing reasons, Rotunno's motion for appointment as lead plaintiff and approval of Kaplan Fox as lead counsel is GRANTED.  This matter is hereby stayed as to Gulfport in light of its bankruptcy petition.  *See* 11 U.S.C. § 362(a).  The Clerk of Court is respectfully directed to terminate the motions.  Docs. 6, 11, 15, 17, and 22.

It is SO ORDERED.

Dated:     February 8, 2021
           New York, New York

_____
          EDGARDO RAMOS, U.S.D.J.